People v Smith (2022 NY Slip Op 00199)





People v Smith


2022 NY Slip Op 00199


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2016-07922
 (Ind. No. 2421/14)

[*1]The People of the State of New York, respondent,
v
Maradona Smith, appellant.


Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered July 11, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On October 6, 2013, the defendant shot and killed Emmanuel Capers. In December 2013, a then 14-year-old girl (hereinafter the eyewitness) contacted the police to tell them that she had witnessed the shooting. Based upon her information, the defendant was arrested in March 2014. The defendant confessed to the shooting orally and in writing.
The defendant was tried in 2015, but the Supreme Court declared a mistrial after the jury was unable to reach a unanimous verdict. A second trial was held in June 2016. The People were unable to locate the eyewitness, who had testified at the first trial. After a hearing on the People's efforts to locate the eyewitness, the court granted the People's application to have her testimony at the first trial read into evidence.
During jury selection for the second trial, the Supreme Court granted the defendant's challenge, made pursuant to Batson v Kentucky (476 US 79), to the prosecutor's use of a peremptory challenge to a potential juror. However, after it was discovered that the potential juror had already been discharged, the court offered the defendant the option of either declaring a mistrial or continuing with the trial. The defendant chose to continue with the trial, and withdrew his Batson challenge.
At the trial, the proof against the defendant consisted of the defendant's confessions to the police, his statement to his girlfriend shortly after the crime that he "did something," and the prior testimony of the unavailable eyewitness. Contrary to the defendant's contention, the prior testimony of the eyewitness was admissible within the meaning of CPL 670.10. The Confrontation Clause of the Sixth Amendment to the United States Constitution prohibits the "admission of testimonial statements of a witness who did not appear at trial unless [the witness] was unavailable to testify, and the defendant ha[s] had a prior opportunity for cross-examination" (Crawford v [*2]Washington, 541 US 36, 53-54; see People v Pealer, 20 NY3d 447, 453). In this case, the People established that the eyewitness was unavailable to testify, and the defendant had a prior opportunity for cross-examination.
Moreover, the Supreme Court did not err in denying the defendant's request to admit into evidence certain materials obtained from social media to impeach the eyewitness's credibility, because no foundation was laid for the admission of that evidence. In any event, that evidence involved collateral matters (see People v Wise, 46 NY2d 321).
Because the defendant chose to continue with the trial, and withdrew his Batson challenge, his arguments on appeal relating to that Batson challenge are not properly before this Court.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court